## SUPREME COURT.

BENSLEY G. SWEET agt. JONATHAN W. TUTTLE.

*A defence in the nature of a plea in abatement may be joined with defences in the nature of pleas in bar, in the same answer.*

*Genesee General Term,* 1854.

MARVIN, BOWEN, and GREEN, JJ.

The complaint in this action was for work and labor performed, and money paid, by the plaintiff for the defendant. The answer contained, first, a general denial of the complaint; second, that the labor and money mentioned in the complaint were done and paid by plaintiff for and at the request of defendant, jointly with one John M. Griffith and seven others, who were all living, and ought to be joined as defendants; third, an off-set for money lent to the plaintiff. There was a reply to the second and third defences, denying the same. The first and third issues were found by the referee for the plaintiff. In support of the second defence, the defendant called John M. Griffith, who was objected to on the ground that he was a party for whose immediate benefit the suit was defended. The objection was overruled, and the plaintiff excepted. The referee found the issue joined on this defence in favor of the defendant, and decided that the proper parties defendant not having been joined, the said defendant, Jonathan W. Tuttle, is not indebted to the said plaintiff for any of the matters and things demanded in this action. Judgment was entered on the report in favor of the defendant for the costs of the action, and the plaintiff appeals to the general term.

I. T. WILLIAMS, *for respondent.*

W. H. GREEN, *for appellant.*

GREEN, J. This case presents the important question, whether a defendant may set up in his answer matter in abatement with matter in bar of the action; and so far as authority is concerned, we have the aid of two decisions directly in point, and directly in conflict. Gardiner agt. Clark, in this court,

(6 *How. P. R.* 449,) and Bridge agt. Paysen, in the superior court of the city of New-York. (5 *Sand. S. C. R.* 210.) The same question is now pending before me in three cases, on motions made at special term to strike out defences setting up matter in abatement with matter in bar, or to compel the defendants to elect; and in several other cases before the general term in calendar causes and appeals from orders made at special terms. This condition of things indicates that the law on this subject is as near a primitive state as the most ardent advocate for simplicity could desire. It certainly calls upon us to reconsider this question, and make another effort to settle it upon a correct basis.

It was a familiar rule of our former system of pleading, that a plea in bar waived all pleas in abatement. (See the cases cited by ALLEN, J., in Gardiner agt. Clark, *supra*.) Has the Code changed this rule of pleading? No special provision has been made in the Code for this case, and the answer to this question must be deduced from a comparison of the various provisions of the Code on the subject of pleading. Section 140 of the Code abolished all the forms of pleading heretofore existing, and provides that thereafter the forms of pleading and the rules by which their sufficiency is to be determined, shall be those provided by that act. Section 167 provides that the plaintiff "may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both," provided they all belong to one of the classes mentioned in that section. Section 150 provides that "the defendant may set forth as many *defences* and counter claims as he may have, whether they be such as have heretofore been denominated legal or equitable, or both." Section 144 provides that the defendant may demur to the complaint when it shall appear upon the face thereof among other things, "that there is a defect of parties, either plaintiff or defendant." Section 147 provides that when any of the matters enumerated in section 144 do not appear upon the face of the complaint, the *objection* may be taken by answer; and section 148 provides that if no such *objection* be taken, either by demurrer or answer, the

defendant shall be deemed to have waived the same. No one can fail to perceive the radical difference between the provisions of the 150th and 167th sections, and the pre-existing rules of pleading in the particulars to which those sections relate. Section 167 provides for the uniting in the same complaint of causes of action essentially dissimilar in their nature, which have not heretofore been cognizable in the same tribunal, and the issues upon which, in some cases, are not now triable in the same manner. Section 150 provides that the defendant may, in his answer, set forth as many *defences* as he may have, however dissimilar in their nature.

It is difficult to see how the legislature could well give a more unequivocal sanction, or a larger license to the practice of uniting heterogeneous causes of action and defences in the same pleading than are contained in these two sections. And when that part of section 150, which says that the defendant may set forth as many defences as he may have, is read in connection with the other provisions of these two sections, I cannot see what construction less liberal than that which permits the defendant to set up any matter which will prevent a recovery, which will wholly defeat the plaintiff's action, can be given to such comprehensive language. In Gardiner agt. Clark, Mr. Justice ALLEN attaches great importance to the fact, that the word *defence* is used in the chapter treating of answers, whereas the word *objection* is used in sections 147 and 148, containing the provisions relating to the presenting, by answer, the several matters mentioned in section 144, when they do not appear by the complaint; and it is assumed by the learned justice that had it been intended to allow matters of this nature to be set up as one of several *defences* in the general answer of the defendant, they would have been mentioned in the chapter treating of answers as defences, and would not have been mentioned as an objection to be taken by answer. With great deference to the learned justice, I do not agree with him in attaching this importance to the difference in the terms used in sections 144, 147, and 150. The theory in question pre-supposes a degree of discrimination and precision in the use of

language by the draftsmen of the Code, of which that instrument certainly does not afford the highest evidence. On reading these sections together, it is reasonably clear that these terms, however dissimilar in their literal meaning, were used, and must be treated as synonymous. In section 74 we find additional proof of the correctness of this position. There it is provided that the objection that the action was not commenced within the time limited can only be taken by answer. No one will contend that the fact, that an action is not commenced within the statute limitation is any less a defence, because it is here called an objection. The difficulty apprehended by the learned justice in giving judgment so as to save the rights of the parties under this practice is obviated by sections 261 and 262. By section 261 it is provided that the court may, in all cases, instruct the jury, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon. By section 262 it is provided, that when a special finding of facts shall be inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly.

Whenever there is an issue formed upon an answer containing matter in abatement and in bar, the jury may be required to find specially upon each issue; and if, as in this case, the issue upon the matter in bar is found for the plaintiff, and the issue upon the matter in abatement is found for the defendant, the court can give a judgment dismissing the plaintiff's complaint, leaving him to commence a new action. Under the sections in question, I do not see why the judgment is not now as flexible in the hands of the court, for every purpose, as the decree was formerly in equity.

The cases above cited arose under the Code of 1851; but I do not see that the amendment of 1852 affects this question. Section 140, in both Codes, relates simply to the forms, and the rules by which the sufficiency of pleadings was to be determined. The question in this case is not as to the sufficiency of the answer in abatement, but merely as to the right of the defendant to interpose that answer after setting up matter in

bar. It is proper to .add, that the case of Bridge. agt. Paysen was not cited on the argument of Gardiner agt. Clark.

The referee decides that the proper parties defendant not having been joined, the defendant, Tuttle, is not indebted to the plaintiff for any of the matters and things demanded in this action. This consequence does not follow, and,.as. a. legal conclusion from the facts, is erroneous. The formal judgment entered on the report.is merely for the costs of the action; but as the report·of the referee stands as the decision of the court, it may be·urged hereafter that the plaintiff's·claim having been once passed upon by the court, the matter is *res judicata*. This consequence . would follow, however erroneous the decision may be; and if the report and judgment taken together are to be so construed, the judgment is erroneous, and should·be so modified as to leave the plaintiff at liberty to bring a new action.

I think the judgment should be, in· form, a judgment dismissing the plaintiff's·complaint with costs, and without prejudice to his right to bring another action; that the. judgment entered should be modified accordingly, and affirmed as modi-
.fied, with costs of the appeal.